# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

REBECCA WOOD,

    Plaintiff,                            Case No. 26-        -CD

v.                                                  Hon.

MICHIGAN DEPARTMENT OF CORRECTIONS,

    Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
Phone: (248) 540-6800
Fax: (248) 940-5848
sbatey@bateylaw.com

---

## **PLAINTIFF'S COMPLAINT**

NOW COMES, Plaintiff, Rebecca Wood, by and through her attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1.    That Plaintiff is a resident of the City of Belding, County of Ionia and State of Michigan.

2. Defendant, Michigan Department of Corrections (hereinafter "MDOC") is a governmental entity whose registered mailing address is Grandview Plaza, 206 E. Michigan Avenue, P.O. Box 30003, Lansing, MI 48909 and who is duly authorized to operate correctional facilities throughout the State of Michigan including Ionia County.

3. The events giving rise to this cause of action occurred in the Western District of Michigan.

4. Jurisdiction and venue are proper in the District Court for the Western District of Michigan pursuant to 28 USC §1391(b) and (c) and this Honorable Court has pendant jurisdiction over Plaintiff's state law claims under 28 USC §1367.

5. Jurisdiction and venue are proper in the District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

6. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

7. Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendant constituting adverse employment action and wrongful termination which resulted in emotional and economic damages to the Plaintiff in violation of the Michigan Person with Disabilities Civil Rights Act, MCL §37.2101, *et seq.*, ("PWDCRA"), the Family Medical Leave Act ("FMLA") and Retaliation.

## **GENERAL ALLEGATIONS**

8. Plaintiff incorporates by reference paragraphs 1 through 7 of the Complaint as though fully set forth herein.

9. Plaintiff, Rebecca Wood began her employment with Defendant, MDOC ON May 2, 1999 and was most recently employed as a Correctional Officer.

10. Plaintiff suffers from severe debilitating migraine headaches which substantially interfere with major life activities including seeing, thinking, communicating and breathing and qualifies as a disability under the ADA and PWDCRA.

11. In 2006/2007 Plaintiff was approved for intermittent FMLA leave due to her disability.

12. From 2006/2007 until March 2024 Plaintiff continued to work as a corrections officer with her disability using her FMLA leave when her symptoms were aggravated.

13. In July Plaintiff neurologist provided a letter and filled out FMLA and ADA paperwork allowing Plaintiff to have a reasonable accommodation of wearing the body cam on her belt line attached to her duty belt.

14. Plaintiff went to her local HR department and verbally requested the reasonable accommodation as well as providing copies of her doctor's letter and the completed FMLA forms.

15. In September 2024, without notice to Plaintiff, Defendant changed its rules for FMLA leave and demanded that Plaintiff provide her medical diagnosis in order to use her previously approved FMLA leave.

16. Plaintiff was initially unaware of the policy and continued to use FMLA leave which had increased due to Defendant's demands of the body cam.

17. Plaintiff received at least formal counseling actions for use of FMLA leave.

18. Under the FMLA Defendant does not have the right or authority to demand a medical diagnosis, deny leave for failing or refusing to provide medical diagnosis prior to using FMLA leave or disciplining an employee who fails or refuses to provide a medical diagnosis of the serious medical condition.

19. When Plaintiff was told Defendant demanded her medical diagnosis in order to use FMLA leave, she found out that Defendant could not demand her medical diagnosis in order for her to use the previously approved FMLA leave.

20. Plaintiff was concerned about privacy issues and her medical condition and refused to provide Defendant her medical diagnosis.

21. In August, 2025 Defendant denied Plaintiff's request for an accommodation of wearing the body cam on her duty belt, but told her in a letter she could wear the body cam anywhere over her upper body.

22. Plaintiff began to wear the body cam just above the beltline, near her navel which provided at least some relief from the migraines caused by wearing the body cam

4

near her mid to upper body.

23. Shortly after wearing body cam near her navel Plaintiff's immediate supervisor prevented her from wearing the body cam in that manner and disciplined her telling her that her accommodation had been denied.

24. Plaintiff attempted to show him the letter, but he refused to look at it and kept her disciplinary actions in place.

25. On October 22, 2025 Plaintiff was sent home from work due to her disability and Defendant's refusal to provide her FMLA leave or provide reasonable accommodations which would severely curb migraine headaches.

26. Plaintiff has been out of work, without pay since October 22, 2025.

27. On October 27, 2025 Plaintiff filed a Charge of Discrimination, Charge No. with the EEOC and will move to amend her Complaint upon receipt of the Right to Sue letter.

## COUNT I
## VIOLATIONS OF THE MICHIGAN PERSONS WITH DISABILITIES ACT, MCLA §37.1101, *ET SEQ.*

28. Plaintiff incorporates by reference paragraphs 1 through 27 of the Complaint as though fully set forth herein.

29. At all times relevant Plaintiff suffered from chronic debilitating migraines, trigeminal neuralgia which substantially interfere with major life activities including walking, communicating, thinking, reasoning, sleeping and

5

eating and are disabilities under the PWDCRA.

30. Plaintiff suffered from suffered from debilitating migraine headaches , and Defendant perceived and regarded Plaintiff as a person with a disability which substantially limited and interfered with her ability to breath, walk or talk.

31. Plaintiff requested a reasonable accommodation of wearing the body cam near on or her belt line.

32. Plaintiff was able to perform the essential functions of her job without the reasonable accommodations.

33. Defendant initially accommodated Plaintiff, but then refused to extend Plaintiff accommodation and terminated Plaintiff in violation of the PWDCRA.

34. Pursuant to the PWDCRA Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from her employment by her employer and/or supervisors based upon her disability.

35. Plaintiff's disabilities were factors in Defendant's employment decisions, including, her termination.

36. Defendant is an employer within the meaning of the ADA and PWDCRA.

37. Plaintiff has been subjected to discriminatory and retaliatory treatment based upon her disabilities, her perceived or regarded disabilities, and her requests for accommodations, by Defendant, its employees and agents to the point where her

status as an employee has been detrimentally affected.

38. Defendant and its agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

    i. Violating the laws against discrimination by failing to provide Plaintiff with a reasonable accommodation for her disability; and

    ii. Violating the laws against discrimination by suspending Plaintiff based exclusively upon her disability.

39. Defendant breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

    i. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

    ii. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over disabled employees;

    iii. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

    iv. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

40. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant, and its agents and employees.

41. Because of the unlawful conduct of Defendant, and its agents and

employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus punitive/exemplary damages, together with costs, interest, attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## VIOLATION OF THE FMLA

42. Plaintiff incorporates by reference paragraphs 1 through 41 of the Complaint as though fully set forth herein.

43. Defendant was Plaintiff's "employer" within the meaning of the FMLA

44. Plaintiff requested and was approved for intermittent medical leaves which was protected under FMLA and which was approved by the Defendant.

45. In September 2024, without notice to Plaintiff, Defendant changed its rules for FMLA leave and demanded that Plaintiff provide her medical diagnosis in order to use her previously approved FMLA leave.

46. Plaintiff was initially unaware of the policy and continued to use FMLA leave which had increased due to Defendant's demands of the body cam.

47. Plaintiff received at least formal counseling actions for use of FMLA

leave.

48. Under the FMLA Defendant does not have the right or authority to demand a medical diagnosis, deny leave for failing or refusing to provide medical diagnosis prior to using FMLA leave or disciplining an employee who fails or refuses to provide a medical diagnosis of the serious medical condition.

49. When Plaintiff was told Defendant demanded her medical diagnosis in order to use FMLA leave, she found out that Defendant could not demand her medical diagnosis in order for her to use the previously approved FMLA leave.

50. Defendant violated the FMLA by willfully and intentionally harassing, discriminating against, retaliating, and interfering with his FMLA leave in significant part because she exercised rights under the FMLA, denying Plaintiff for a promotion due to an absentee problems when Plaintiff's only absentees were while he was on approved FMLA leave.

51. On October 22, 2025 Plaintiff was sent home from work due to her disability and Defendant's refusal to provide her FMLA leave or provide reasonable accommodations which would severely curb migraine headaches

52. As a direct and proximate result, Plaintiff has sustained damages including, but not limited to loss of income and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $25,000.00, plus exemplary damages, together with

costs, interest, attorney fees and punitive/treble damages as allowed by statute and any other relief this Honorable Court deems appropriate.

## COUNT III
## DISCRIMINATION IN VIOLATION OF 29 U.S.C. § 2614(a)(1)

53. Plaintiff incorporates by reference paragraphs 1 through 52 of the Complaint as though fully set forth herein.

54. Defendant was Plaintiff's "employer" within the meaning of the 29 U.S.C. § 2614(a)(1).

55. "Employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions", including the promotion Plaintiff was denied.

56. Plaintiff engaged in activity protected by the FMLA when she requested and was approved for FMLA leave.

57. The FMLA leaves were approved by Defendant.

58. Defendant willfully took adverse action against Plaintiff by refusing to promote Plaintiff for exercising and using FMLA leave and changed how FMLA was used requiring Plaintiff to disclose her medical condition to use FMLA.

59. As a result of Plaintiff asserting his right to a FMLA leave, she was subjected to adverse employment action including a denied promotion.

60. Defendant' conduct and violations of the FMLA were willful and intentional.

10

61. As a direct and proximate result, Plaintiff has sustained damages including, but not limited to the following:

    a. Loss of income;

    b. Loss of fringe benefits;

    c. Emotional pain and suffering;

    d. Severe mental anguish and distress;

    e. Embarrassment and humiliation;

    f. Fright, shock, and mortification;

    g. Loss of earnings and other employment benefits; and

    h. Costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant, JLL, in an amount in excess of $25,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT IV
## RETALIATION

62. Plaintiff incorporates by reference paragraphs 1 through 61 of the Complaint as though fully set forth herein.

63. Pursuant to the Michigan Persons With Disabilities Act, MCLA §37.1101, *et seq.*, Plaintiff is guaranteed the right to be free from discrimination from her employer and/or supervisors based upon her disabilities.

64. Plaintiff's disabilities were a factor in Defendant's employment decisions.

65. During the course of her employment with Defendants, Plaintiff was subjected to unwelcome harassment and discrimination based on her disabilities.

66. The harassment discrimination created a hostile work environment and had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

67. Plaintiff engaged in protected activities and filed complaints for violations of the statutes.

68. Defendant had actual and constructive notice that it was creating an intimidating, hostile and offensive work environment for Plaintiff.

69. Despite having notice of the discrimination and harassment of Plaintiff, due to her disabilities, Defendant failed to take any remedial action, but instead took adverse employment action against Plaintiff in retaliation for her complaints of harassment and discrimination due to her disabilities.

70. In retaliation for Plaintiff engaging in protected activities Defendant retaliated against her and terminated her employment.

71. Plaintiff is entitled to exemplary and compensatory, damages pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. as a result of each and every violation of the act, including costs and reasonable

attorney's fees.

72. As a proximate result of the Defendant's retaliation of Plaintiff, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor against Defendants in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

                Respectfully submitted,

                **BATEY LAW FIRM, P.L.L.C.**

BY: /s/Scott P. Batey
     SCOTT P. BATEY (P54711)
     Attorney for Plaintiff
     30200 Telegraph Road, Suite 400
     Bingham Farms, MI  48025
     (248) 540-6800
     sbatey@bateylaw.com

Dated: March 5, 2026

## **DEMAND FOR JURY TRIAL**

NOW COMES, Plaintiff, Rebecca Wood, by and through her attorney, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

          Respectfully submitted,

          **BATEY LAW FIRM, PLLC**

    By:  /s/ Scott P. Batey
        SCOTT P. BATEY (P54711)
        Attorney for Plaintiff
        30200 Telegraph Road, Suite 400
        Bingham Farms, Michigan 48025
        (248) 540-6800
        sbatey@bateylaw.com

Dated:  March 5, 2026